IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEBRA D. HINES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-456 (MTT) |
| Deputy Warden MELVIN BUTTS, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting Defendants Melvin Butts, Miguel Stubbs, and Fabron Roberts' motion to partially dismiss (Doc. 21) and denying Defendants' motion to dismiss or motion to strike Plaintiff Debra Hines' amended complaint (Doc. 40). Doc. 45. Specifically, the Magistrate Judge recommends granting the first motion (Doc. 21) because (1) Hines cannot recover any official capacity damages under 42 U.S.C. § 1983, and (2) Hines failed to exhaust her administrative remedies before filing this action pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Id.* Hines has moved for reconsideration of the Recommendation and has filed a separate objection to the Recommendation. Docs. 47; 49.

## I. MOTION FOR RECONSIDERATION

This Court "may reconsider any pretrial matter [decided by the Magistrate Judge] . . . where it has been shown that the [M]agistrate [J]udge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see Brown v. United States*, 748 F.3d 1045,

1055 (11th Cir. 2014); *Muhammad v. HSBC Bank USA, N.A.*, 399 Fed. App'x 460, 462 (11th Cir. 2010).

In her motion, Hines contends that she changed her claims against the Defendants in their individual capacities, not official capacities, and claims against all Defendants in their individual capacities should be allowed to proceed. Doc. 47 at 2. The Magistrate Judge's recommendation to dismiss Hines' claims against Butts and Stubbs is just that: a recommendation. Thus, the Court cannot consider this argument in her motion for reconsideration.[1] On the other hand, the Magistrate Judge *ordered* that her claims against Roberts in his individual capacity were to proceed, and that order is the only thing that may be reconsidered based on her motion. Doc. 45; FED. R. CIV. P. 72(a) advisory committee's note to 1983 amendment ("[R]econsideration of a magistrate's *order* . . . shall be by the district judge to whom the case is assigned." (emphasis added)).

Hines has not made a showing that the Magistrate Judge's order for her claims against Roberts in his individual capacity to proceed is clearly erroneous or contrary to law. Accordingly, Hines' motion for reconsideration (Doc. 47) is **DENIED**.

## II. OBJECTION

---

[1] Construing her motion liberally, the Court will assume that Hines objected to the dismissal of her claims against Butts and Stubbs in their official capacities. The Court considers her objection and makes a *de novo* determination pursuant to 28 U.S.C. § 636(b)(1). Her objection lacks merit. Nowhere in her recast complaint does Hines state that she alleges claims against the Defendants in their individual capacities only, and it is not until her response to the Defendants' first motion to dismiss that she adds that she is bringing her claims against them in their individual capacities. *See generally* Doc. 11; Docs. 47 at 2. Regardless, Hines' claims against Defendants Butts and Stubbs would be dismissed without prejudice for failure to exhaust, as discussed further below, whether she brought those claims against them in their official or individual capacities.

Pursuant to 28 U.S.C. § 636(b)(1), the Court considers Hines' objection and makes a *de novo* determination of the portions of the Recommendation to which Hines objects.

## A. Butts

Hines' objection regarding Butts is that she submitted her grievance on October 26, 2018, rather than November 1, which was the date the grievance was submitted to prison officials. Doc. 21-6 at 2. However, as the Defendants point out in their response to Hines' objections, "the statewide grievance procedure provides that the Warden must respond within forty days 'from the date the counselor received the Grievance Form from the inmate. . . .'"[2] Doc. 50 at 6 (citing Doc. 21-2 ¶ 8). Accordingly, "the November 1, 2018 date is the operative date for determining whether Plaintiff waited the requisite period of time before filing her lawsuit." *Id.* Hines filed her lawsuit on December 13, 2018, which is more than forty days after she filed her grievance. Doc. 1. However, Hines is required to complete the grievance process by submitting an appeal of her grievance if the Warden fails to respond within forty days. Doc. 21-2 ¶¶ 9−10. Because Hines has failed to complete the grievance process regarding her claims against Butts, the Court agrees with the Magistrate Judge that Hines has not exhausted her administrative remedies against him.

## B. Stubbs

Hines also objects to the Recommendation that she failed to exhaust her administrative remedies against Stubbs because she was thwarted from completing the

---

[2] Hines attached a sworn written statement from a "Lt. Scott" stating that on October 26, 2018, Hines told him that Butts was, in effect, deliberately indifferent to her serious medical needs, and that Scott told Hines to "write a statement." Doc. 40-1 at 6. However, this statement does not demonstrate in any way that the Warden received the grievance any earlier than November 1, 2018.

grievance process.  Docs. 49 at 2; 51 at 1.  In the Defendants' response to her objection, the Defendants contend that Hines' grievance against Stubbs that was received on January 14, 2019 was "voluntarily dropped" on March 25, and she thus did not exhaust her administrative remedies.  Doc. 50 at 7.  The Defendants attached an unauthenticated, "certified copy" of the grievance and "drop form."  Doc. 50-1 at 2−3.  Hines claimed in her reply that, when compared to the grievance, the drop form misspells her first name and alleged that Grievance Counselor Tracey Jackson forged her signature.  Doc. 51 at 1, 3; *compare* Doc. 50-1 at 2 (signed "Debra D. Hines") *with* Doc. 50-1 at 3 (signed "Deborah Hines").

Even if Hines' signature was forged,[3] Hines filed her *original* complaint prematurely before the response period expired, and she did not even file her grievance against Stubbs until after she filed this action.  Docs. 1 (original complaint dated December 10, 2018); 50-1 at 2 (filed January 9, 2019, received January 14).  Accordingly, the Court agrees with the Magistrate Judge that Hines has not exhausted her administrative remedies against Stubbs.  *See Turner v. Burnside*, 541 F.3d 1077, 1082−83 (11th Cir. 2008) (holding that if the parties' versions of the facts conflict, the Court must take the plaintiff's version as true, and if the complaint is not dismissed at this stage, the Court must then "make specific findings to resolve the disputed factual issues related to exhaustion").

---

[3] The Court does not believe Hines' signature was forged, and it is clear that Hines has, again, not been truthful.  Hines herself has used both spellings when bringing claims in this Court.  *See* [Debra] Hines v. Mickens, Dkt. No. 5:18-cv-456-MTT-CHW (GDC Inmate No. 185700); [Deborah] Hines v. Nazaire, Dkt. No. 5:15-cv-421-MTT-MSH (GDC Inmate No. 185700); [Deborah] Hines v. Nazaire, Dkt. No. 5:14-cv-147-MTT-CHW (GDC Inmate No. 185700); [Deborah] Hines v. Wingfield, Dkt. No. 5:13-cv-70-CAR-CHW (GDC Inmate No. 185700).  Further, Hines is a forger.  In a previous case in this Court, she submitted a forged document in an effort to avoid an exhaustion defense.  Hines v. Nazaire, Dkt. No. 5:14-cv-147-MTT-CHW, Doc. 101 at 2−3.

-4-

## III.  CONCLUSION

For the foregoing reasons, the Recommendation (Doc. 45) is **ADOPTED** and made the Order of this Court.  The Defendants' second motion to dismiss (Doc. 40) is **DENIED**, and the Defendants' first motion to dismiss (Doc. 21) is **GRANTED**.  Additionally, Hines' motion for reconsideration of the Magistrate Judge's Recommendation (Doc. 47) is **DENIED**.  Accordingly, Hines' official capacity claims against all Defendants are **DISMISSED**, and her claims against Butts and Stubbs are **DISMISSED without prejudice** for failure to exhaust.  Butts and Stubbs are **TERMINATED** as parties in this suit.  Hines' individual capacity claims against Roberts shall go forward, and the stay of discovery (Doc. 24) is **TERMINATED**.  However, given Hines' misconduct here and in Hines v. Nazaire, Dkt. No. 5:14-cv-147-MTT-CHW, the Court gives notice to Hines that the Court will impose appropriate sanctions if Hines engages in further misconduct.

**SO ORDERED**, this 27th day of December, 2019.

s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT