# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DEBRA HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-456 (MTT) |
| | ) |
| Sergeant FABRON ROBERTS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Debra Hines has moved for recusal of the undersigned. Doc. 65. In her motion, Hines states that "[t]he District Court abuse[d] its discretion by threatening Hines with a 'notice of sanction' for no reason." *Id.* at 2. In the Court's order granting the previous Defendants' motion to dismiss, the Court notified Hines that it would "impose appropriate sanctions" if she committed forgery again as she did in this case and a previous case she brought before this Court. Doc. 55 at 5 (citing Hines v. Nazaire, Dkt. No. 5:14-cv-147-MTT-CHW, Doc. 101 at 2−3).

Hines also bases her motion on 28 U.S.C. § 455. That statute generally provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also enumerates certain other circumstances requiring a judge to disqualify himself. 28 U.S.C. § 455(b)(1)−(5). The thrust of Hines' motion is that the Court is biased against her because of her previous cases where she used various spellings of her names. Doc. 55 at 4 n.3 (citing [Debra] Hines v. Mickens, Dkt. No. 5:18-cv-456-MTT-CHW (GDC Inmate No. 185700);

[Deborah] Hines v. Nazaire, Dkt. No. 5:15-cv-421-MTT-MSH (GDC Inmate No. 185700); [Deborah] Hines v. Nazaire, Dkt. No. 5:14-cv-147-MTT-CHW (GDC Inmate No. 185700); [Deborah] Hines v. Wingfield, Dkt. No. 5:13-cv-70-CAR-CHW (GDC Inmate No. 185700)). Hines may thus be relying on either § 455(a) or § 455(b)(1).

The standard under § 455(a) is objective and requires the Court to consider "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation marks and citation omitted). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation marks and citation omitted). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case.").

Hines argues that the Court threatening her with sanctions if she continued to forge documents shows that extrajudicial bias existed. Doc. 65. However, this does not demonstrate that the Court's rulings exhibit "such a high degree of . . . antagonism as to make fair judgment impossible" or that the Court has a bias toward Hines "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555.

Taking judicial notice of her previous filings with this Court where she used multiple spellings of her name—including one, like this case, where the Court found that she forged a document—does not demonstrate bias.

Section 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)).  Hines has failed to establish any personal or pervasive bias on the part of the undersigned, and she also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge.  Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal.  *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999).  Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal.  *See id.*  Hines has not asserted that such knowledge exists here.

In sum, Hines' contentions that the undersigned has not ruled in her favor are not alone sufficient to merit recusal.  She has failed to show that the Court harbors the type of pervasive bias or prejudice against her that would otherwise require recusal.  Accordingly, Hines' motion for recusal (Doc. 65) is **DENIED.**

**SO ORDERED**, this 17th day of March, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT