IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DEBRA D. HINES,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-456 (MTT) |
| **Sergeant FABRON ROBERS,** | ) |
| **Defendant.** | ) |

## ORDER

Plaintiff Debra Hines has moved to proceed *in forma pauperis* ("IFP") on appeal. Doc. 106. Hines seeks to appeal the judgment in favor of the defendant entered on June 29, 2021. Doc. 103. Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;

>    (B) claims an entitlement to redress; and
>    (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis.  First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.  Based on Hines's affidavit that she earns no money and has no assets, as well as her previously filed certificate that her trust fund has an average monthly balance of $56.26, the Court finds that Hines is unable to pay the $505 filing fee.  Docs. 2 at 4; 106 at 2-5.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard."  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.  *Id*.  An issue "is frivolous if it is 'without arguable merit either in law or fact.'"  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted).  "Arguable means capable of being convincingly argued."  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).  "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'"  *Sun*, 939 F.2d at 925 (citations omitted).

Although Hines has not submitted a statement of the issues she wishes to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), the Court's independent

review of the issues addressed in the case demonstrates that Hines's appeal is frivolous.  Docs. 96; 100; 101; *see Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff).  The appeal, therefore, is not brought in good faith.  Hines has raised no issues with arguable merit.

Consequently, Hines's application to appeal in forma pauperis (Doc. 106) is **DENIED**.

If Hines wishes to proceed with her appeal, she must pay the entire $505 appellate filing fee.  Because Hines has stated that she cannot pay the fee immediately, she must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to section 1915(b), the prison account custodian where Hines is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Hines's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."

**SO ORDERED**, this 6th day of August, 2021.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT